*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HACKEL, GROSS, and BLOSSER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Stanford N. KAPAYOU**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202300145**

_____

Decided: 28 December 2023

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Adam C. King

Sentence adjudged 26 January 2023 by a general court-martial convened at Marine Corps Base Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 20 months,[1] forfeiture of all pay and allowances, and a dishonorable discharge.[2]

---

[1] Appellant was credited with 114 days of pretrial confinement.

[2] The convening authority's written action purported to "order the sentence be executed as adjudged with the exception of the Dishonorable Discharge, which I order adjudged once this case is certified as final in accordance with [Rule for Courts-Martial

For Appellant:
*Commander Kyle C. Kneese, JAGC, USN*

———————————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

———————————————

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, and Appellant having not challenged the factual sufficiency of this case, we have determined that the findings are correct in law, the sentence is correct in law and fact, and that no error materially prejudicial to Appellant's substantial rights occurred.[3]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

*Mark K. Jamison*

MARK K. JAMISON
Clerk of Court

---

[R.C.M.]] 1102(b)(3) and 1209." A convening authority has no authority to order a sentence executed or adjudged. A convening authority is not required to take any action on a sentence, R.C.M. 1109(g)(2); R.C.M. 1110(c)(1), (e)(1), but *may* reduce, commute, or suspend all or portions of a sentence in limited circumstances. *See* Article 60a(a)(1)(A), Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 860a(a)(1)(A); R.C.M. 1109(c); R.C.M. 1110(c), (e)(3). Here, the convening authority's language with regard to the sentence is a legal nullity. *See, e.g., United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (involving the purported disapproval of a bad-conduct discharge the parties agreed, via the pretrial agreement, would be approved and suspended). Nonetheless, the convening authority's desire to take *no action* to reduce, commute, or suspend Appellant's sentence is clear and unambiguous.

[3] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.